# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---

|  |  |  |
|---|---|---|
| PATRICIO NZAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 26-CV-10212-AK |
| v. | ) | |
| | ) | |
| Incumbent KRISTI NOEM, Secretary | ) | |
| of the U.S. Department of Homeland | ) | |
| Security; U.S. DEPARTMENT OF | ) | |
| HOMELAND SECURITY; PAM BONDI, | ) | |
| Attorney General of the United States; | ) | |
| TODD LYONS, Director of the Boston | ) | |
| Field Office of U.S. Immigration and | ) | |
| Customs Enforcement; and RAFAEL | ) | |
| VERGARA, Warden, Adams County | ) | |
| Correctional Center in their official | ) | |
| capacities, | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER CONCERNING SERVICE OF PETITION, STAY OF TRANSFER OR REMOVAL, AND REQUIRED RESPONSE

**ANGEL KELLEY, D.J.**

Petitioner, a foreign national, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a) (the "Petition"), contending that they are being unlawfully confined in violation of the Constitution and laws of the United States.

The Court hereby **DIRECTS** and **ORDERS** as follows:

1

## I.    SERVICE OF PETITION

The clerk of this court shall serve a copy of the Petition and this Order upon Respondents, the civil duty attorney for the United States Attorney's Office, and the United States Attorney for the District of Massachusetts.

In order to ensure that the relevant government officials have notice of this Order, the Clerk of Court is directed to serve a copy of this order on the United States Attorney for the District of Massachusetts by attaching it to an e-mail sent to her government e-mail address. The e-mail address is set forth in an attachment to this Order, which shall be filed separately under seal.

## II.    RESPONSE TO PETITION

Respondents shall answer or otherwise respond to the Petition no later than **three business days** from the filing of this Petition, unless the Parties agree on an otherwise reasonable briefing schedule. Any modified briefing schedule must be filed on the docket no later than **two business days** from the filing of this Petition.

## III.    JURISDICTION

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a), contending that they are being unlawfully confined in violation of the Constitution and laws of the United States.

The protections of the Constitution apply to all persons within the jurisdiction of the United States, including citizens and non-citizens alike, and including those persons who are present in the United States without authorization. See Plyler v. Doe, 457 U.S. 202, 210 (1982) (noting that "[a]liens, even aliens whose presence in this country is unlawful, have long been

recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth
Amendments").

Although a federal district court does not generally have subject-matter jurisdiction to
review orders of removal issued by an immigration court, see 8 U.S.C. § 1252(a)(1), (g), it does,
however, have jurisdiction over habeas petitions.  28 U.S.C. § 2241(a); see U.S. Const. art. I, § 9,
cl. 2 (providing that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless
when in Cases of Rebellion or Invasion the public Safety may require it").

Here, it appears that the relief sought is not review of an immigration order or an
injunction or stay preventing the execution of such an order.  Instead, the Petition alleges that the
Petitioner was subject to arrest and detention (and prospective removal) in violation of the
Constitution and laws of the United States.  The Court therefore has subject-matter jurisdiction to
consider the Petition under 28 U.S.C. § 2241(a).

Even if this Court ultimately concludes that it does not have jurisdiction over this
Petition, the Court nonetheless has power to act to preserve the status quo in the near term.  A
federal court "always has jurisdiction to determine its own jurisdiction," including its own
subject-matter jurisdiction.  Brownback v. King, 592 U.S. 209, 218-19 (2021) (quoting United
States v. Ruiz, 536 U.S. 622, 628 (2002)).  In order to give the Court an opportunity to consider
whether it has subject-matter jurisdiction, and if so to determine the validity of the habeas

Petition, the court may order Respondents to preserve the status quo.  See United States
v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) (ruling that "the District Court ha[s]
the power to preserve existing conditions while it [is] determining its own authority to grant
injunctive relief," unless the assertion of jurisdiction is frivolous).  Such an order is valid unless
and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to

determine the merits of the underlying action.  See id. at 294-95.  That principle applies with even greater force where the action the court enjoins would otherwise destroy its jurisdiction or moot the case.  See United States v. Shipp, 203 U.S. 563, 573 (1906).

**IV.    ORDER**

To provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby **ORDERED** as follows:

**A.  Stay of Transfer or Removal**

The Petition alleges that Petitioner is being held in the District of Massachusetts. Petitioner shall not be transferred to another district unless the government provides advance notice of the intended move.  Such notice shall be filed in writing on the docket in this proceeding and shall state the reason why the government believes that such a movement is necessary and should not be stayed pending further court proceedings.  Once that notice has been docketed, the Petitioner shall not be moved out of the District for a period of at least 96 hours from the time of that docketing.

If the government contests that Petitioner is presently confined in the District of Massachusetts, the government shall file a notice in writing on the docket stating the name of the facility in which Petitioner is confined.  Such notice shall be provided promptly after the government becomes aware of that fact.

Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.

**B.  Measurement of Time Periods**

Any of the time periods may be shortened or extended as may be appropriate by further

order of the Court.


      **SO ORDERED.**

/s/  Angel Kelley
Hon. Angel Kelley
United States District Judge

Issued at Boston, Massachusetts
January 20, 2026
11:05 AM

## APPENDIX

E-mail of U.S. Attorney:

leah.foley@usdoj.gov